498 A.2d 1182

ATTORNEY GRIEVANCE COMMISSION OF MARYLAND

v.

Joseph R. TYRRELL, Jr.

**Misc. Docket (Subtitle BV), No. 3, Sept. Term, 1985.**

Court of Appeals of Maryland.

Oct. 21, 1985.

Kendall R. Calhoun, Asst. Bar Counsel, Annapolis (Melvin Hirshman, Bar Counsel, Annapolis, on the petition), for petitioner.

Melvin G. Bergman, Lanham, for respondent.

Argued before MURPHY, C.J., and SMITH, ELDRIDGE, COLE, RODOWSKY, COUCH and McAULIFFE, JJ.

## ORDER

The Court having reviewed the findings of fact and conclusions of law of Judge Arthur M. Ahalt, filed June 11, 1985, in the Circuit Court for Prince George's County, Maryland; and

Judge Ahalt having concluded that the respondent did not violate DR 1–102 by making certain misrepresentations to agents of State Farm Fire and Casualty Company (State Farm) concerning the ownership of certain stolen jewelry; and

Bar Counsel having filed exceptions to the findings of fact and conclusions of law of Judge Ahalt, including the foregoing conclusion; and

This Court being of the opinion that additional findings of fact are required in order to decide all of the issues before this Court in the above-referenced matter, it is this 21st day of October, 1985.

ORDERED by the Court of Appeals of Maryland that the case be, and it is hereby, remanded to Judge Arthur M.

Ahalt in the Circuit Court for Prince George's County for further proceedings and in order to make supplemental findings of fact on the following aspects of the case:

a. Inclusion in the record of a true copy of the complete policy of insurance issued by State Farm to the respondent under which respondent made claim for the loss by theft of certain jewelry of the estate of George John Diering, Jr.;

b. The amount in dollars of the loss to the Diering estate as of the date of the theft;

c. The extent, if any, to which State Farm has paid the loss on the Diering estate jewelry, identifying the specific items of jewelry on which loss payments have been made, the amount of payment allocated to each such item, the date of payment and the circumstances leading to the payment;

d. As to each item of Diering estate jewelry, if any, as to which State Farm has not paid the loss, the reasons for nonpayment; and

e. The efforts, if any, by respondent, to recover for the loss of the Diering estate jewelry under the State Farm policy, including any reasons for inaction.